# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

SAMUEL SANCHEZ,
      Petitioner,

   vs.                                           C.R. No. 00-141-03L

UNITED STATES OF AMERICA,
      Respondent.

## MEMORANDUM AND ORDER

Before the Court is a Motion Pursuant to Fed. R. Civ. P. 60(b) to Reopen the Proceedings under 28 U.S.C. § 2255 (Doc. No. 334)[1] ("Motion") filed by *pro se* Petitioner Samuel Sanchez. By the Motion, Sanchez requests that the Court reopen his previous motion to vacate under § 2255 and resentence him to a lower term of imprisonment. No hearing is necessary. For the reasons stated below, the Motion is DENIED.

## BACKGROUND[2]

On December 18, 2000, a federal grand jury sitting in the District of Rhode Island indicted Sanchez, among others, for conspiracy to commit carjacking and carjacking with death resulting, in violation of 18 U.S.C. §§ 371, 2119, and 2119(3).

---

[1] Unless otherwise indicated, all document numbers refer to the above-captioned criminal case.

[2] The background is taken primarily from the First Circuit's January 7, 2004, decision and this Court's dockets. A detailed description of the events leading to Sanchez's arrest is contained in the First Circuit's opinion, see United States v. Sanchez, 354 F.3d 70, 73 (1st Cir. 2004), and need not be repeated here.

Sanchez pled guilty to both counts pursuant to a written plea agreement in which the government promised not to seek the death penalty. The Court sentenced Sanchez on November 7, 2002, to life imprisonment. Judgment entered on November 14, 2002.[3]

Shortly thereafter, Sanchez filed a timely Notice of Appeal, and the Court of Appeals for the First Circuit affirmed the Judgment on January 7, 2004. Its Mandate issued on January 29, 2004. The U.S. Supreme Court denied *certiorari*.

On May 31, 2005, Sanchez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1 in C.A. 05-240L). The Court, in a one-page Memorandum and Order dated September 28, 2005, found the motion totally devoid of merit and denied Sanchez's § 2255 motion. (Doc. No. 10 in C.A. 05-240L). Sanchez filed an Notice of Appeal of the denial. (Doc. No. 13 in C.A. 05-240L). The First Circuit treated the appeal as a request for a Certificate of Appealability ("COA") and denied the request on February 22, 2007. The Court's Mandate issued on April 11, 2007. (Doc. No. 22 in C.A. 05-240L).

Sanchez subsequently sought certification from the First Circuit allowing him to file a second or successive § 2255 petition in this Court. (Doc. #307). The Circuit denied permission on September 20, 2010, because Sanchez failed to meet the requisite

---

[3] The Judgment was subsequently amended to correct a clerical error, and the corrected Judgment entered on January 30, 2003.

showing. (Doc. #307).

## DISCUSSION

Sanchez now seeks relief pursuant to Federal Rule of Civil Procedure 60(b).[4] Although he does not specify under which subsection he is moving, it is evident from the Motion that he is invoking § (b)(6), "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Sanchez asks the Court to reopen his prior § 2255 petition, which the Court denied and for which the First Circuit denied a COA, and resentence him to a lower term of

---

[4] Federal Rule of Civil Procedure 60(b) provides:

(b) Grounds for Relief From a Final Judgment, Order or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

3

imprisonment.  Motion at 1.  He relies on a recent Supreme Court decision, <u>Rosemond v. United States</u>, 134 S.Ct. 1240 (2014), and an opinion from the Eastern District of New York, <u>United States v. Holloway</u>, 95-CR-78 (JG), 01-CV-1017 (JG), 2014 U.S. Dist. LEXIS 102707 (E.D.N.Y. July 28, 2014), in support of the Motion.  Motion at 1.

In brief, under <u>Rosemond</u>, Sanchez argues that he had no advance knowledge that one of his co-defendants had a firearm and would use it to kill the victims and that, had the killing not occurred, he would have received a "significantly lower sentence." <u>Id.</u> at 5; <u>see also</u> <u>id.</u> at 13 ("Sanchez received a seven point enhancement for a firearm in which he had no knowledge would be carried and/or used in the underlying offense.  Moreover, the Court increased Sanchez's base offense level by three additional levels thereby placing him in the guideline range of life.  Without these enhancements, Sanchez's sentence would have been significantly lower.").  Further, Sanchez contends that <u>Rosemond</u> "is a new substantive and watershed rule of constitutional law, and therefore, should apply retroactively on collateral review." <u>Id.</u> at 5.  Pursuant to <u>Holloway</u>, Sanchez seeks resentencing based on "his age at the time of the offense, his rehabilitation, the number of years he has now been incarcerated, and his ability to be

4

returned to society without again offending." Id. at 5.[5] The Government responds that Sanchez's Motion is not (despite its title) a Rule 60(b) motion, but, rather, constitutes a second or successive § 2255 motion[6] for which Sanchez has neither sought nor received permission from the First Circuit to file. Government's

---

[5] Sanchez also notes that "the Federal Bureau of Prisons is significantly over-capacitated." Motion at 9.

[6] Section 2255 provides in relevant part that:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

. . . .

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (bold added); see also 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999)("From the District Court's perspective, these pre-clearance provisions are an allocation of subject-matter jurisdiction to the court of appeals.")(internal quotation marks omitted).

5

Response to Defendant's Motion Pursuant to Fed. R. Civ. P. 60(b) to Reopen the Proceedings under 28 U.S.C. § 2255 (Doc. No. 336) at 4.

In <u>Munoz v. United States</u>, 331 F.3d 151 (1st Cir. 2003), the First Circuit addressed the distinction between a Rule 60(b) motion and a motion to vacate pursuant to § 2255. <u>Id.</u> at 152. The court, relying on an earlier case in which it had dealt with the issue in the context of 28 U.S.C. § 2254, applied the same reasoning in a § 2255 setting. <u>Id.</u> (citing <u>Rodwell v. Pepe</u>, 324 F.3d 66, 70 (1st Cir. 2003)).

> We hold, therefore, that a motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case should be treated as a second or successive habeas petition if—and only if—the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction. If, however, the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of Rule 60(b).

<u>Id.</u> at 152-53 (alteration in original)(internal citations and quotation marks omitted).

It is clear from reading Sanchez's Motion that it is a second or subsequent § 2255 motion and, therefore, must be treated as such. <u>See</u> <u>id.</u> at 153; <u>see also</u> <u>Trenkler v. United States</u>, 536 F.3d 85, 97 (1st Cir. 2008)(noting that any motion filed in the district court that imposed the sentence and that is substantively within the scope of § 2255 ¶ 1 "*is* a motion under § 2255, no matter what title the prisoner plasters on the cover"); <u>Munoz</u>, 331 F.3d at 153 (rejecting characterization of motion as a Rule 60(b) motion

because "the petitioner challenges the constitutionality of his underlying conviction and argues the merits of his foundational sentencing claims ..."). Tellingly, Sanchez asks the Court "to vacate his sentence and resentence him to a lower term of imprisonment in light of Holloway, Rosemond, and the other cases cited herein." Motion at 13; see also 28 U.S.C. § 2255(a).

The Court finds that Sanchez's Rule 60(b) Motion is, in reality, a second or successive § 2255 motion.[7] Because Sanchez has neither sought, nor obtained, permission from the First Circuit to file it, this Court lacks jurisdiction to consider the merits of his arguments. Munoz, 331 F.3d at 153. Accordingly, the Motion is DENIED without prejudice to being refiled if and when Sanchez receives permission from the First Circuit to do so.

## Ruling on Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Sanchez has failed to seek and receive permission from the First Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h).

---

[7] Although the Court has construed Sanchez's Motion liberally, as it must, Estelle v. Gamble, 429 U.S. 97, 106 (1976)(citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), clearly he is seeking to "vacate, set aside or correct [his] sentence," 28 U.S.C. § 2255(a). He makes no challenge to the manner in which the earlier § 2255 judgment was procured. Munoz, 331 F.3d at 153.

Sanchez is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter.

SO ORDERED:


/s/Ronald R. Lagueux
Ronald R. Lagueux
Senior U.S. District Judge
DATE:  10/21/15