UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
SAMUEL SANCHEZ,                    )
     Movant-Petitioner,            )
                                   )
     v.                            )    Cr. No. 00-141 WES
                                   )
UNITED STATES OF AMERICA,          )
     Respondent.                   )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

This matter is before the Court on a Motion Pursuant to Fed. R. Civ. P. 60(b)(6) Extraordinary Circumstances ("Rule 60(b) Motion," ECF No. 352) filed by Petitioner Samuel Sanchez.[1] The Government has filed a response requesting summary dismissal of the Rule 60(b) Motion or, alternatively, an extension of time to file its response ("Response and Request," ECF No. 355). For the following reasons, the Rule 60(b) Motion is DENIED.[2]

---

[1] Unless otherwise indicated, all ECF numbers refer to the above-captioned case.

[2] Sanchez has also filed a request, which the Court treats as a motion, for leave to file a second or successive petition (ECF No. 357). The Government has filed an objection to the motion (ECF No. 358). Pursuant to his request, see Letter from Sanchez to Clerk dated May 14, 2019, ECF No. 359, the Court has transferred Sanchez's motion for leave to file to the Court of Appeals for the First Circuit.

I.   Background and Procedural History[3]

On December 18, 2000, a federal grand jury sitting in the District of Rhode Island indicted Sanchez, among others, for conspiracy to commit carjacking and carjacking with death resulting, in violation of 18 U.S.C. §§ 371 and 2119(3). Sanchez pled guilty to both counts pursuant to a written plea agreement (ECF No. 117) in which the Government promised not to seek the death penalty. The Court sentenced Sanchez on November 7, 2002, to life imprisonment. Judgment (ECF No. 247) entered on November 14, 2002.[4]

Sanchez filed a timely Notice of Appeal (ECF No. 250), and the Court of Appeals for the First Circuit affirmed the Judgment on January 7, 2004. United States v. Sanchez, 354 F.3d 70 (1st Cir. 2004). The appellate court's Mandate (ECF No. 298) issued on January 29, 2004. The Supreme Court subsequently denied Sanchez's

---

[3] The background and procedural history of the case are taken from the Court of Appeals for the First Circuit's opinion affirming Sanchez's judgment of conviction on direct appeal, United States v. Sanchez, 354 F.3d 70 (1st Cir. 2004), and from this Court's dockets. A detailed description of the events leading to Sanchez's arrest is contained in the First Circuit's opinion and need not be repeated here. Id. at 73.

[4] The Judgment was subsequently amended to correct a clerical error. The Amended Judgment (ECF No. 283) was entered on January 30, 2003.

petition for writ of certiorari.  Sanchez v. United States, 541 U.S. 1054 (2004).

On May 31, 2005, Sanchez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1 in C.A. No. 05-240 RRL). The Court found the motion totally devoid of merit and denied it in a Memorandum and Order (ECF No. 10 in C.A. No. 05-240 RRL) dated September 28, 2005. The Court also denied a Certificate of Appealability ("COA") (ECF No. 15 in C.A. No. 05-240 RRL). Sanchez filed a Notice of Appeal (ECF No. 13 in C.A. No. 05-240 RRL), which the First Circuit treated as a request for a COA and denied in a Judgment (ECF No. 21 in C.A. No. 05-240 RRL) entered on February 22, 2007. The court's Mandate (ECF No. 22 in C.A. No. 05-240 RRL) issued on April 11, 2007.

Sanchez subsequently sought certification from the First Circuit to file a second or successive § 2255 petition in this Court, which the Circuit Court denied on September 20, 2010 (ECF No. 307), because Sanchez had failed to make the required showing.

Sanchez filed a previous motion under Fed. R. Civ. P. 60 to reopen the 2005 § 2255 proceedings (ECF No. 334) on March 11, 2015, seeking resentencing to a lower term of imprisonment. The Court treated the motion as a second or successive motion to vacate under § 2255 and denied it in a Memorandum and Order (ECF No. 339) dated

3

October 21, 2015, because Sanchez had neither sought nor received permission from the First Circuit to file it in this Court.

It appears that Sanchez again sought leave to file a second or successive petition, which the First Circuit denied in a Judgment (ECF No. 26 in C.A. No. 05-240-RRL) entered on April 15, 2016.

Sanchez has now filed a second Rule 60(b) Motion (ECF No. 352), again asking to reopen the 2005 proceedings and be given the opportunity to be granted a COA. The Government filed a Response and Request (ECF No. 355), seeking summary dismissal of the Rule 60(b) Motion or, in the alternative, an extension of time in which to file its response. Prior to the Court's receipt of the Government's Response and Request, Sanchez filed Petitioner's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(d) ("Motion for Default Judgment," ECF No. 354), based on the Government's failure to file a response to the Rule 60(b) Motion. In a July 31, 2018, text order, the Court denied the Motion for Default Judgment and granted the Government's request for an extension of time.

II. Discussion

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Sanchez relies on Rule 60(b)(6), "any other reason that justifies relief." Rule 60(b) Mot. 1. Rule 60(b)(6) requires a showing of "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show extraordinary circumstances justifying the reopening of a final judgment.") (internal quotation marks omitted). "In determining whether extraordinary circumstances are present, a court may consider a wide range of

5

factors. These may include, in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." Buck v. Davis, 137 S.Ct. 759, 778 (2017) (internal quotation marks omitted). "[S]uch circumstances will rarely occur in the habeas context." Id. at 772 (quoting Gonzalez, 545 U.S. at 535).

Constitutional claims are properly brought in a motion to vacate sentence pursuant to 28 U.S.C. § 2255.[5] See Munoz v. United States, 331 F.3d 151, 153 (1st Cir. 2003) (per curiam). In Munoz, the First Circuit discussed the distinction between a Rule 60(b) motion and a motion to vacate under § 2255. 331 F.3d at 152. Relying on an earlier case in which it had addressed the issue in the context of 28 U.S.C. § 2254, the court applied the same reasoning in a § 2255 situation. Id. The court stated:

---

[5] Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a); see also United States v. Addonizio, 442 U.S. 178, 185 (1979).

> We hold, therefore, that a motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case should be treated as a second or successive habeas petition if—and only if—the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction. If, however, the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of Rule 60(b).

Id. at 152-53 (citing Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir. 2003)) (alteration in original) (internal citations and quotation marks omitted); see also Gonzalez, 545 U.S. at 532 (noting that Rule 60(b) motion should not be considered a habeas motion when it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings"); United States v. Figueroa, C.R. No. 08-141-WES, 2018 WL 6592965, at *2 (D.R.I. Dec. 14, 2018) (quoting Munoz).

Despite Sanchez's statement that the Rule 60(b) Motion "is just that, a 60(b)(6) [motion], and not a second or successive motion under 28 U.S.C. § 2255 . . . ," Rule 60(b) Mot. 10 (underlining omitted), he is clearly challenging his conviction and sentence, not the manner in which the earlier judgment on his Motion to Vacate was procured, see Gonzalez, 545 U.S. at 532 ("A motion can . . . be said to bring a 'claim' if it attacks the

7

federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.") (internal footnote omitted). For example, Sanchez argues:

> The question that Sanchez now raises is not if his attorneys were ineffective in said matter, but rather, from the constitutional violations that he suffered from as well as with the misconduct of the Government attorney and the abuse of discretion and miscalculated criminal history points, and basing the findings for an upward departure not on the law but on what the Court felt they had no other choice to do when imposing the sentence that [was] ultimately handed down by the district court.

Rule 60(b) Motion 7-8. Yet, despite stating that he is not raising the question "if his attorneys were ineffective," id. at 7, on the very next pages of the Rule 60(b) Motion Sanchez accuses counsel of "gross negligence or in the alternative abandonment . . . ," id. at 9-10, withholding "exculpatory evidence," id. at 10, or "just outright leaving [him] wi[th]out notice . . . ," id.; see also id. at 8 (stating that "no intent or elements were fully explained to petitioner . . ."). Sanchez also alleges that "intent and key elements of the crime" were missing. Id. at 9. These are "claims" within the meaning of 28 U.S.C. § 2255. Gonzalez, 545 U.S. at 532; see also Rule 60(b) Motion at 8-9 (arguing that a

reasonable jurist "could . . . have reached a different decision than that which was forced upon Sanchez with the aforementioned violations," thereby "calling into question the decision rendered and allowing for a COA to be issued to proceed further in litigating the questions of law and constitutional violations and erroneous decision set forth in the case at bar from the court[']s abuse of discre[]tion.").

"[I]t is the substance of the petition, rather than its form, that governs." Pierce v. Spencer, Civil Action No. 05-10292-RWZ, 2006 WL 2121912, at *1 (D. Mass. July 28, 2006); see also Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) ("[A]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover."). Accordingly, the Court concludes that Sanchez's Rule 60(b) Motion is, in essence, a second or successive motion to vacate. See 28 U.S.C. § 2255(a); Gonzalez, 545 U.S. at 534 ("[A] Rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition."); Munoz, 331 F.3d at 153 (rejecting characterization of motion as Rule 60(b) motion because "the petitioner challenge[d] the constitutionality of his underlying conviction and argues the merits of his foundational sentencing claims . . .").

Sanchez makes two arguments in an effort to avoid the conclusion that his motion is substantively a second or successive § 2255 petition. First, he contends that he has demonstrated "extraordinary circumstances" to justify relief under Rule 60(b)(6). Rule 60(b)(6) Motion 7, 9-11. He also asserts that he has demonstrated both "deficient performance by counsel" and "prejudice . . . stemming from the deficient performance," id. at 10, in order to obtain a COA, and that the First Circuit, in denying his request for a COA, exceeded the scope of COA review, id. at 3.

With respect to Sanchez's "extraordinary circumstances" argument, as noted above he is essentially arguing the merits of his claims. See Gonzalez, 545 U.S. at 532. For example, Sanchez states: "With gross negligence or in the alternative abandonment by an attorney in regards to his client and or their constitutional rights and being effectively advised, have exculpatory evidence withheld from them by their attorney or just outright leaving the client wi[th]out notice all equal extraordinary circumstances." Rule 60(b) Motion at 9-10.

Sanchez cannot avoid the restrictions on second or successive petitions contained in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") by simply relabeling his claims "extraordinary circumstances." See 28 U.S.C. § 2255(h) (requiring

that a second or successive motion under § 2255 be certified by the appropriate court of appeals); see also Trenkler, 536 F.3d at 97 ("[C]ourts regularly have recharacterized imaginatively captioned petitions to reflect that they derive their essence from section 2255 and, thus, must satisfy that section's gatekeeping provisions."); Rodwell, 324 F.3d at 67 (noting that "prisoners seeking habeas relief should not be able to use Rule 60(b) as a means of avoiding AEDPA's carefully calibrated limitations on habeas petitions . . . "). "From the District Court's perspective, these pre-clearance provisions are an allocation of subject-matter jurisdiction to the court of appeals." United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999) (internal quotation marks omitted). Accordingly, Sanchez's argument that he has demonstrated "extraordinary circumstances" to justify proceeding under Rule 60(b)(6) fails.

Next, apparently relying on the Supreme Court's recent decision in Buck v. Davis, Sanchez argues that "[t]he court of appeals for the First Circuit exceeded the scope of the COA analysis when it made an inadvertent ruling on review of the original file of the district court and not whether petitioner demonstrated a constitutional violation as required to satisfy the

11

Strickland standard . . . ." Rule 60(b) Motion 3.[6] While this argument would, on its face, appear to bring Sanchez's Rule motion within the parameters of Rule 60(b), see Gonzalez, 545 U.S. at 532 (noting that notion should be treated as Rule 60(b) motion when it "attacks . . . some defect in the integrity of the federal habeas proceedings"); Munoz, 331 F.3d at 153, Sanchez's reliance on Buck is misplaced.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)); see also id. at 338 ("[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district

---

[6] Sanchez also states that "[e]quitable tolling exists in light of Buck v. Davis . . . ," Rule 60(b) Motion 2, presumably in response to Rule 60(c)'s "reasonable time" requirement, Fed. R. Civ. P. 60(c)(1). However, the timeliness of the Rule 60(b) Motion is not at issue here. The question is whether the Rule 60(b) Motion is, in reality, a second or successive § 2255 petition.

12

court's assessment of the constitutional claims debatable or wrong.") (quoting Slack, 529 U.S. at 484). Buck did not change the COA standard; it simply reiterated the standard as set forth in earlier decisions. See 137 S.Ct. at 773 (citing Miller-El, 537 U.S. at 327). The Buck Court then applied the standard and found that the court of appeals had exceeded the scope of the COA analysis in that case. Id. at 773-74.

In Buck, the petitioner sought a COA from the district court's denial of his Rule 60(b) motion. Id. at 772. The court of appeals denied a COA. Id. at 773. The Supreme Court summarized the Fifth Circuit's decision as follows:

> The court below phrased its determination in proper terms—that jurists of reason would not debate that Buck should be denied relief—but it reached that conclusion only after essentially deciding the case on the merits. As the court put it in the second sentence of its opinion: "Because [Buck] has not shown extraordinary circumstances that would permit relief under Federal Rule of Civil Procedure 60(b)(6), we deny the application for a COA." The balance of the Fifth Circuit's opinion reflects the same approach. The change in law effected by Martinez and Trevino, the panel wrote, was "not an extraordinary circumstance." Even if Texas initially indicated to Buck that he would be resentenced, its "decision not to follow through" was "not extraordinary." Buck "ha[d] not shown why the State's alleged broken promise "would justify relief from the judgment."

13

Buck, 173 S.Ct. at 773-74 (alterations in original) (internal citations omitted).[7] The Court continued: "But the question for the Fifth Circuit was not whether Buck had 'shown extraordinary circumstances' or 'shown why [Texas's broken promise] would justify relief from the judgment.' Those are ultimate merits determinations the panel should not have reached." Id. at 774 (alterations in original) (internal citation omitted).

Here, in denying Sanchez's request for a COA, the First Circuit stated:

> Petitioner seeks a certificate of appealability in order to challenge the district court's denial of his request for relief under 28 U.S.C. § 2255. Petitioner asserts that he received ineffective assistance of counsel, as defined in Strickland v. Washington, 466 U.S. 668 (1984). Neither petitioner's papers nor the record in the underlying criminal case reflects inadequate preparation or performance by counsel.
>
> . . . .
>
> Because petitioner has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), the request for a certificate of appealability is denied and th[e] appeal is terminated.

Judgment, ECF No. 21 in C.A. No. 05-240-RRL, at 1-2. Based on the above language, particularly the court's reference to "the record in the underlying criminal case," id., Sanchez suggests that the appellate court "inadvertent[ly]," Rule 60(b) Motion at 3,

---

[7] The Supreme Court's reference is to Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 569 U.S. 413 (2013).

exceeded the threshold inquiry by ruling on the merits of his claim rather than only asking if the district court's decision was debatable, id. at 4 (quoting Miller-El, 537 U.S. at 327).

It is not at all clear, however, that the First Circuit made more than a threshold inquiry. See Miller-El, 537 U.S. at 336 ("The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."). Here, the First Circuit's language appears to reflect a "general assessment" of the merits of Sanchez's claims, not "full consideration of the factual or legal bases adduced in support of the claims." Id. In Buck, by contrast, the Fifth Circuit addressed the petitioner's specific arguments. 137 S.Ct. at 773-74.

The Court need not decide this issue because, as discussed above, Sanchez's Rule 60(b) Motion is that in name only. Sanchez clearly attacks the underlying judgment of conviction, not the manner in which the 2005 motion to vacate was decided. See Gonzalez, 545 U.S. at 534; Munoz, 331 F.3d at 153; Rule 60(b) Motion 9 (stating that a COA should "be issued to proceed further in litigating the questions of law and constitutional violations and erroneous decision").

Based on the foregoing, the Court concludes that Sanchez has again presented a second or successive § 2255 motion under the

15

guise of Rule 60(b), for which he has not sought or received permission from the First Circuit to file. So treated, the Court lacks jurisdiction over the current Rule 60(b) Motion. See Munoz, 331 F.3d at 153 ("Inasmuch as the petitioner did not seek, let alone obtain, the required authorization from this court, the district court lacked jurisdiction over his Rule 60(b) motion."); Barrett, 178 F.3d at 41. Therefore, the Rule 60(b) motion is DENIED, without prejudice to being refiled as a second or successive § 2255 motion to vacate if and when the First Circuit grants leave to do so.

III. Conclusion

Based on the above analysis, Sanchez's Rule 60(b) Motion (ECF No. 352) is DENIED, without prejudice to being refiled if and when Sanchez receives permission from the First Circuit to file it as a second or successive motion to vacate pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: June 19, 2019